IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 18, 2008

Charles R. Fulbruge III
Clerk

No. 08-40630
Summary Calendar

LUDONIA M. RAY

Plaintiff-Appellant

V.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:06-CV-196

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Ludonia M. Ray appeals the decision of the district court affirming the finding of the Administrative Law Judge (ALJ) that, despite Ray's inability to use her arms and hands on more than an occasional basis, there are a substantial number of available jobs in the state and national

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

economy which Ray can perform.[1] Based on those findings, which were supported by testimony from a vocational expert, the ALJ ruled that Ray is not disabled within the meaning of the Social Security Act. The ALJ also found Ray not entirely credible. The Appeals Council denied review, after which Ray sought review in the district court pursuant to 42 U.S.C. § 405(g). The district court affirmed the ALJ, and Ray timely filed a notice of appeal.

We have carefully reviewed the entire record on appeal, including the determinations of the ALJ and the district court, and the law as set forth in the appellate briefs of the parties and determined by our independent research.

"Our review of the Commissioner's decision is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard." Perez v. Barnhart, 415 F.3d 457, 461 (5th Cir. 2005). Applying this well-known standard, we are convinced that neither the ALJ nor the district court committed reversible error in ruling for the Commissioner and against Ray on the issues properly preserved for appellate review.[2] Accordingly, the judgment of the district court affirming the ALJ and the Commissioner is, in all respects, AFFIRMED.

---

[1] As examples of these jobs, the ALJ listed dowel inspector, film inspector, and lens inspector.

[2] On appeal to this Court, Ray asserts that we are bound by the district court's finding that only the ALJ's determination that Ray could perform one particular job—dowel inspector—was supported by substantial evidence. The district court, however, did not make any such finding, but rather affirmed all the findings of the ALJ. Regardless, as noted above, we review the ALJ's decision to determine whether it is supported by substantial evidence and comports with the applicable law.